UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTEC CAPITAL SERVICES, LLC,

Plaintiff,

v.

DOWNRIVER UTILITY CONSTRUCTION INC., et al.,

Defendants.
_______________________________/

Case No. 2:25-cv-11527

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 18) AND ENTERING JUDGMENT OF DEFAULT AGAINST DEFENDANTS**

Before this Court is Plaintiff's motion for default judgment. ECF No. 18. From 2017 to 2022, Plaintiff Altec Capital Services, LLC, entered into 13 separate leases with Defendant DownRiver Utility Construction Inc. for heavy duty construction equipment and vehicles. ECF No. 1 at PageID.2–28. Defendants Alicia Close (also known as Alicia Baron) and Jason Close personally guaranteed the leases for DownRiver. *Id*. Defendants defaulted on the leases by failing to make payments when due. *Id*. So on May 23, 2025, Plaintiffs sued for breach of contract, breach of guaranty, replevin, and detinue. *Id.* at PageID.29–34. Defendants were personally served on June 17, 2025, ECF Nos. 6–8, yet they still have not filed an Answer or

otherwise appeared in this case. Thus, Plaintiff's request for a default judgment will be granted.

## I. BACKGROUND

Plaintiff Altec Capital Services, LLC, is an Alabama company that finances construction equipment. ECF No. 1 at PageID.1; *see also* www.altec.com/altec-capital. Defendant DownRiver Utility Construction Inc. is a Michigan company. and individual defendants Alicia and Jason Close are Michigan residents. *Id.* at PageID.2. The parties entered into 13 separate lease agreements encompassing 18 pieces of equipment over a course of several years. *See generally id*. However, Defendants defaulted on all the leases by failing to make payments when due. *Id.* at PageID.28. Plaintiff has been able to repossess and sell most of the equipment that is the subject of the defaulted leases, but DownRiver has not returned the equipment subject to the eighth, ninth, and tenth leases. *Id.*at PageID.17–22, 28. Therefore, Plaintiff filed a complaint in this Court on May 23, 2025. ECF No. 1.

Using a process server, Plaintiff personally served the complaint on each Defendant on June 17, 2025. ECF Nos. 6–8. With no response from Defendants, Plaintiff moved for a clerk's entry of default against each Defendant, ECF Nos. 9–11, which were entered, ECF No. 12–14. Plaintiff now moves this Court for Default Judgment. ECF No. 18.

## II. DEFAULT JUDGMENT

Under Civil Rule 55, the Court may enter default judgment against a party who has "failed to plead or otherwise defend" an action and against whom the Clerk of Court has entered a default. *See* Fed. R. Civ. P. 55(a), (b)(2).

To grant a default judgment, this Court must ensure that (1) it has both subject-matter jurisdiction over the claim and personal jurisdiction over the defendant, (2) the defendant was properly served, (3) the defendant has failed to appear and to defend, and (4) the plaintiff is entitled to the relief sought. *See Marelli Auto. Lighting v. Indus. BM de Mex.*, No. 2:20-CV-10331, 2021 WL 5121273, at *1–2 (E.D. Mich. Nov. 4, 2021) (citations omitted). Additionally, a default judgment may be entered if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, as evidenced by an affidavit. Fed. R. Civ. P. 55(b). Here, Plaintiff submitted such an affidavit. *See* ECF No. 19-4.

### A. Jurisdiction

"Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citation omitted). Here, this Court has subject-matter jurisdiction under 28 U.S.C. § 1337(a), as there is complete diversity among the parties. Plaintiff is a limited liability Alabama company with its sole member being an Alabama

company, and all Defendants are residents of Michigan. ECF No. 1 at PageID.1–2. In addition, personal jurisdiction exists over Defendants as they are residents of Michigan. *Id*.

**B. Proper Service**

Plaintiff properly effected service on Defendants under the Federal rules by personally serving Alicia Close, both as an individual and as the resident agent for DownRiver, and personally serving Jason Close. *See* Fed. R. Civ. P. 4(e)(2)(A), 4(h)(1).

**C. Entry of Default**

Default was appropriate given Defendants' failure to respond. Default must be entered if a party fails to plead or otherwise to defend. Fed. R. Civ. P. 55(a). Defendants failed to timely respond, so the clerk's entry of default against each Defendant on July 15, 2025, was proper. *See* ECF Nos. 12–14. The procedural prerequisites for default under Civil Rule 55(a) have therefore been satisfied.

**D. Plaintiff's Entitlement to Relief**

This Court must next determine whether Plaintiff is entitled to the relief sought. To that end, this Court takes the well-pleaded allegations of the complaint as true, except those relating to the amount of damages. *Marelli*, 2021 WL 5121273, at *1 (quoting *Cross*, 441 F. Supp. 2d at 846).

Entering a default judgment is within the court's discretion, and guided by equity and fairness considerations of:

1) possible prejudice to the plaintiff;
2) the merits of the claims;
3) the sufficiency of the complaint;
4) the amount of money at stake;
5) possible disputed material facts;
6) whether the default was due to excusable neglect; and
7) the preference for decisions on the merits.

*Id.* at *2 (quoting *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002)).

*Prejudice*. The first factor heavily favors Plaintiff. Indeed, Plaintiff leased valuable equipment to DownRiver, who failed to timely make payments required by the lease. ECF No. 1. And despite their Guarantor agreements, neither Alicia nor Jason Close have made payments in DownRiver's stead. *Id*. Plaintiff has repossessed and resold as much of the equipment that it could, but is still owed a total of $838,423.37 to satisfy the leases. ECF No. 19-4. Without a default judgment, Plaintiff would have no remedy, which is clear and significant prejudice.

*Merits, Sufficiency, and Amount at Stake*. In addition, Plaintiff's complaint is sufficient and its claims likely have merit. The complaint lays out the contract terms, the expectations, Defendants' breach, and the resulting damages for each lease. *See generally* ECF No. 1. The amount at stake, $847,506.67—representing the contact monies owed plus attorney fees—is significant but not exorbitant, given the number

of leases and pieces of equipment involved. Moreover, the request for repossession of equipment is also appropriate under the circumstances. Thus, the requested relief appropriately reflects the merits of Plaintiffs' claims and the actual damages that Plaintiff has incurred due to Defendants' breach.

*Disputed Material Facts*. Given Defendants' failure to respond, there is no indication of disputed material facts at this juncture. Plaintiff's factual allegations are uncontested, and the evidence supports them. Defendants had ample opportunity to present disputes but chose not to engage. Moreover, no evidence suggests Defendants defaulted due to excusable neglect. Service of process was executed correctly under the Federal rules, ensuring that Defendants were properly notified of the proceedings. The absence of Defendants' response and engagement suggests a willful decision to ignore the lawsuit.

*Decision on the Merits*. And although there is a general preference for decisions on the merits, it does not override the necessity of enforcing procedural rules and ensuring that plaintiffs can obtain relief when defendants fail to participate. *Cunningham v. Acct. Processing Grp.*, No. 2:21-CV-00120, 2022 WL 900618, at *4 (S.D. Ohio Mar. 28, 2022) ("Where trial on the merits is not attainable, however, courts recognize that this policy preference must yield to the needs of litigants actually before them." (citing *Toler v. Glob. Coll. of Nat. Med.*, No. 4:13-CV-10433, 2016 WL 67529, at *9 (E.D. Mich. Jan. 6, 2016))). Accordingly, the merits of this

case, as presented through Plaintiff's uncontested allegations and supporting evidence, justify the entry of a default judgment.

Based on these factors, Plaintiff is entitled to the relief sought. Defendants' failure to respond leaves Plaintiff with no recourse but a default judgment.

**E. Hearing Requirement**

A hearing is not necessary. The court must hold a hearing only if it cannot "ascertain the amount of damages with reasonable certainty," *Sampedro v. Club Caribbean LLC*, No. 2:19-CV-12921, 2020 WL 13441623, at *1 (E.D. Mich. Apr. 9, 2020) (quoting *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. May 11, 2009) (per curiam)). The sum certain at issue is sufficiently demonstrated by the declarations signed by Plaintiff's Managing Director, ECF No 19-4, and Plaintiff's attorney, ECF No. 19-6. So, default judgment will be entered.

**V. CONCLUSION**

Accordingly, it is **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 18, is **GRANTED**.

Further, it is **ORDERED** that Judgment of Default is **ENTERED** for Plaintiff Altec Capital Services, LLC and against Defendants DownRiver Utility

Construction Inc, Jason Close, and Alicia Close, jointly and severally, in the amount of $847,506.67.[1]

Further, it is **ORDERED** that an order of detinue is granted in favor of Plaintiff. Defendants are **ORDERED** to surrender one (1) 2019 Ford F750 Altec Bucket AP45A, VIN 1FDXX7DC7KDF15754 and one (1) 2020 Ditch Witch FM13X, Serial No. DWPFM13XCL0001251 (collectively, the "Equipment") to Plaintiff at a place and time designated by Plaintiff within twenty-one (21) days of service of this Order.

Further, it is **ORDERED** that if Defendants fail to timely surrender the Equipment, an order of replevin is granted in favor of Plaintiff and against Defendants for the Equipment. The U.S. Marshals Service or other duly authorized authority is ordered to use all necessary force, including the breaking of any locks, to repossess the Equipment, or any portion thereof, from 12127 Crossman Road, Carleton, MI 48117, or wherever the Equipment may be found, and deliver the Equipment to Plaintiff, provided that Plaintiff posts a bond in favor of the U.S. Marshals Service in the amount of $263,000.00.

---

[1] Given the amount of time that has elapsed since the motion was filed, this Court contacted Plaintiff to inquire whether this amount needed to be adjusted to reflect any additional interest. Plaintiff failed to respond, so judgment will be entered in the original amount set forth in Plaintiff's motion.

Further, it is **ORDERED** that Plaintiff shall serve a copy of this Judgment Order on the Defendants by certified mail, return receipt required, and file a Certificate of Service with this Court regarding the same, within fourteen (14) days of this Order.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 12, 2026